**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM JOHN CONNORS, III, | Case No.: 3:19-cv-00525-RCJ-WGC |
| Plaintiff, | **Order** |
| v. | |
| EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA AND FOR THE COUNTY OF CLARK, | |
| Defendants. | |

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), currently housed at Northern Nevada Correctional Center (NNCC). On August 22, 2019, he filed an application to proceed in forma pauperis and pro se petition. (ECF Nos. 1, 1-1.)

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial

payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time. If, on the other hand, Plaintiff is filing a petition for writ of habeas corpus and seeking to proceed IFP, if the court determines he qualifies for IFP status, he will be required to pay only a $5 filing fee.

Plaintiff has submitted an IFP application, but the financial certificate is not completed; therefore, his IFP application will be denied without prejudice so that he may submit a complete IFP application for an inmate.

Once Plaintiff has filed his completed IFP application or paid the filing fee, (unless he is pursuing habeas relief) the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

Plaintiff's attached complaint is not completely legible, but it appears he may take issue with a State court conviction or sentence. If this is the case, then Plaintiff needs to file a petition for habeas corpus after exhausting applicable State remedies. If he is not seeking habeas relief, he needs to submit an amended complaint that makes clear the relief he seeks and that includes factual allegations to state a claim upon which relief may be granted.

**CONCLUSION**

(1) Plaintiff's IFP application (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application or pay the full $400 filing fee.

(2) Plaintiff's petition (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall **SEND** Plaintiff a copy of both the instructions and form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as the 1983 civil rights complaint packet in case Plaintiff wishes to pursue a civil rights claim under section 1983. Plaintiff has **30 days** from the date of this Order to file an amended complaint: either a petition for writ of habeas corpus under 28 U.S.C. § 2254, or a civil rights complaint under section 1983. The amended complaint must be legible.

(3) If Plaintiff fails to timely file a completed IFP application or pay the filing fee as well as timely file an amended complaint, this action will be dismissed.

**IT IS SO ORDERED**.

Dated: August 27, 2019.

_____
William G. Cobb
United States Magistrate Judge