# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM JOHN CONNORS, III,<br><br>    Plaintiff,<br><br>v.<br><br>EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK,<br><br>    Defendant. | Case No.: 3:19-cv-00525-RCJ-WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), and is currently housed in the Northern Nevada Correctional Center (NNCC). On August 22, 2019, he filed an application to proceed in forma pauperis (IFP) and pro se petition. (ECF Nos. 1, 1-1.) The IFP application was not accompanied by the required financial certificate and the pro se petition was mostly illegible. In addition, it was not clear what relief the petition was seeking. Therefore, on August 27, 2019, the court ordered Plaintiff to submit a completed IFP application with the required financial certificate, and advised Plaintiff that if he was taking issue with a State court conviction or sentence he needed to file a petition for habeas corpus after exhausting applicable state remedies, and otherwise, he needed to file an amended complaint that makes clear the relief sought and factual allegations to state a claim upon which relief may be granted. (ECF No. 3.) This was to be done within 30 days. Plaintiff was granted several extensions of time to

comply with the court's order. On December 9, 2019, he filed his IFP application and financial certificate and a first amended petition. (ECF Nos. 11, 11-1.)

Plaintiff's petition names the Eighth Judicial District Court of the State of Nevada in and for Clark County. It makes clear that Plaintiff takes issue with a determination made by the Eighth Judicial District regarding whether a debt was discharged, as well as the subsequent decision of the Court of Appeals of the State of Nevada denying rehearing and certiorari. He states that he seeks en banc review of all evidence in this case and remand to the state court with an order in his favor.

As the Ninth Circuit aptly put it, "[a]t the heart of this case is a disappointed litigant's attempt to obtain in federal court the very relief denied to him in state court[.]" *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003). Essentially, Plaintiff seeks to appeal the decision apparently rendered by the Eighth Judicial District Court, even though he was denied such relief by the Nevada Court of Appeals after the Nevada Supreme Court had transferred the case to the Court of Appeals. (*See* ECF No. 11-1 at 5-11.) To entertain this petition would require the federal court to "review and invalidate the state court decision, a result that is inconsistent with the *Rooker-Feldman* doctrine." *Id*. "Under *Rooker-Feldman*, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court." *Id*.; *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings.").

A dismissal for lack of subject matter jurisdiction should be without prejudice so the plaintiff may re-assert his claims in the correct court, if possible. *See Mo. Ex rel. Koster v. Harris,*

847 F.3d 646, 656 (9th Cir. 2017); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

Plaintiff's action should be dismissed for lack of subject matter jurisdiction; therefore, the pending IFP application should be denied as moot.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING THIS ACTION WITHOUT PREJUDICE** for lack of subject matter jurisdiction and **DENYING** the IFP application (ECF No. 11) as moot.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 18, 2019.

_____
William G. Cobb
United States Magistrate Judge

3